The Chief Justice

delivered the Opinion of the Court.
Though the landlord’s distress warrant was levied on property not subject to his lien, and only the day after the execution of the deed of trust vesting the title in others, yet, as the deed has neither been recorded nor deposited for registration within the time prescribed by law, it became void as to him, in consequence of the peremptory and unqualified declaration of the statute to that effect.
The judicial interpretation settled by our predecessors, is, that though notice to a purchaser may make an unrecorded conveyance valid and operative in law against him; yet the same notice to a creditor is not, according to the provisions of the statute, entitled to the same effect as to him, but that, so far as he may be concerned, the non-registration of the incumbrance renders it void in a court of law, notwithstanding the fact that he had actual notice of its existence before he had acquired any lien on the property.
Wherefore, it is our opinion that, according to the established construction of the statute, and which we do not feel authorized to overrule or shake, the Circuit Judge erred in instructing the jury that the unrecorded deed of trust was valid as against the destrainer, if he had actual notice of it before his warrant was levied. In such a case the only available remedy, if there be any, is in equity.
Wherefore, the judgment must be reversed, and the cause remanded for a new trial.